IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DARLA DAWN PRESSLEY                                                                                       PLAINTIFF

vs.                                               Civil No. 4:12-cv-04062

CAROLYN W. COLVIN                                                                                      DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendant's Motion to Reverse and Remand. ECF No. 11. Plaintiff has not responded to this Motion. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

Defendant requests Plaintiff's case be remanded. ECF No. 11. Defendant requests this remand so the ALJ may conduct further administrative proceedings. *Id.* Specifically, Defendant seeks remand so the ALJ may obtain updated treatment notes; recontact Dr. Brian Oge to clarify the illegible statements in his consultative evaluation report, as well as clarify Dr. Oge's understanding of terms such as "severe" and "moderate" as they relate to functional limitations; further evaluate the medical opinions and specify the weight given to the opinion evidence; further consider Plaintiff's RFC based on the updated record and provide reference to the evidence which supports the limitations; and obtain supplemental evidence from a VE to clarify the effect of the assessed limitations on Plaintiff's occupational base. ECF No. 11, Pg. 2.

According to Defendant, the ALJ, in his opinion, indicated he gave "great weight to the opinions of the consultative examiners." (Tr. 28). Defendant states that although the opinion of Dr. Brian Oge, a consultative examiner, is partially illegible, it is clear that Dr. Oge found Plaintiff had severe limitations to gripping, handling, and fingering. (Tr. 300). However, the vocational expert ("VE") testified an individual of Plaintiff's age and vocational characteristics, who was limited to occasional reaching, grasping, handling, and fingering, would not be able to perform the jobs the ALJ relied on at Step 5 in his decision. (Tr. 62-63).

Based upon the foregoing, this Court recommends Defendants Motion to Reverse and Remand (ECF No. 11) be **GRANTED** and Plaintiff's case be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), to the Social Security Administration for further administrative review. On remand, this Court recommends the ALJ obtain updated treatment notes; recontact Dr. Brian Oge to clarify the illegible statements in his consultative evaluation report, as well as clarify Dr. Oge's understanding of terms such as "severe" and "moderate" as they relate to functional limitations; further evaluate the medical opinions and specify the weight given to the opinion evidence; further consider Plaintiff's RFC based on the updated record and provide reference to the evidence which supports the limitations; and obtain supplemental evidence from a VE to clarify the effect of the assessed limitations on Plaintiff's occupational base.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 12th day of June, 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE